IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DEVIN ANTHONY HARRISON,           *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *   CIVIL ACTION NO. 18-00290-TFM-B
                                  *
THOMAS MICHAEL HOBSON, *et al.*,  *
                                  *
     Defendants.                  *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 8). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Plaintiff's Motion to Remand be **DENIED** and that Thomas Michael Hobson be **DISMISSED WITHOUT PREJUDICE** from this action and terminated as a party defendant.

## I.   Background

Plaintiff Devin Anthony Harrison ("Plaintiff") filed the instant lawsuit in the Circuit Court of Perry County, Alabama on May 30, 2018. (Doc. 1-1). Plaintiff's complaint names as defendants Thomas Michael Hobson ("Hobson"), Allstate Insurance

Company ("Allstate"), and fictitious parties 1 through 5. (Id.).
Plaintiff's claims against the Defendants stem from Allstate's
refusal to defend and indemnify him in a wrongful death lawsuit,
arising from a fatal one-vehicle accident that occurred on
September 4, 2015. According to Plaintiff, on the day of the
accident, he was driving a 2008 Chevrolet Colorado LS pickup truck
that was owned by Hobson and insured by Allstate. (Doc. 8 at 2;
Doc. 1-1 at 4-5). While operating the vehicle, Plaintiff was
involved in a one-car collision which resulted in the death of
Dylan Cole Gardner, a front seat passenger. (Doc. 1-1 at 5).
Defendant Hobson's grandson, Alex Hobson, was also a passenger in
the vehicle at the time of the accident. (See id. at 7, 17).
Plaintiff asserts that Defendant Hobson commonly and routinely
furnished the subject vehicle to his grandson, Alex Hobson, and
his grandson's friends, including Plaintiff, for their regular
everyday use while being "specifically aware" of their "habits and
propensities" to engage in drinking alcohol. (Id. at 9-10).
Plaintiff alleges that there were many occasions prior to the fatal
accident where Alex Hobson's friends would deliver him in an
intoxicated state to his grandfather's home using the vehicle,
with Defendant Hobson's knowledge and permission. (Id. at 10,
12).

After the fatal accident, the Estate of Dylan Cole Gardner,
the passenger killed in the crash, brought a wrongful death lawsuit

against Plaintiff, Hobson, and others. (Id. at 5). Allstate defended Hobson and later his grandson, Alex Hobson, after he was named a party to the Gardner litigation, but refused to defend or indemnify Plaintiff in the wrongful death lawsuit. (Id. at 6). Plaintiff alleges, based upon information and belief, that Allstate interviewed Hobson regarding whether Plaintiff had permission to operate the subject vehicle. (Id. at 9). Plaintiff further alleges that in response to an interrogatory propounded by the Estate of Dylan Cole Gardner in the wrongful death case, Hobson falsely stated that Plaintiff did not have permission to operate the vehicle at the time of the accident, when in fact Plaintiff did have permission to drive the truck. (Id. at 10)

Plaintiff alleges that while the wrongful death lawsuit was pending, Alex Hobson filed a "companion lawsuit" against Plaintiff for alleged injuries sustained in the accident and against Allstate for uninsured motorist benefits. (See id. at 7, 10, 17). In Alex Hobson's case, Allstate filed a motion for summary judgment on July 10, 2017, in which it asserted that "[Plaintiff] was a permissive user of the vehicle." (Id. at 17). Plaintiff alleges that Allstate's motion for summary judgment revealed to him for the first time that Allstate was aware he had permission to drive the subject vehicle. (Id. at 10-11). Plaintiff further alleges that as a permissive driver of the truck at the time of the accident, he was entitled to coverage under Defendant Hobson's

Allstate policy for defense and indemnity for claims brought by the decedent's estate. (Id. at 5-6). Plaintiff further asserts that although Allstate was on notice that he was a permissive driver, Allstate ignored that fact and unjustifiably refused to defend him in the wrongful death lawsuit or pay the judgment rendered against him in that lawsuit. (Id.). Plaintiff asserts claims against Allstate for breach of contract and bad faith/failure to defend/failure to indemnify. (Id. at 4-9).

Plaintiff also asserts a claim against Hobson for "negligently, recklessly, wantonly, and/or intentionally misrepresent[ing] the fact that Plaintiff Harrison was a permissive user of the subject vehicle at the time of the fatality accident." (Id. at 9-12). According to Plaintiff, he "relied on Defendant Hobson and Alex Hobson's representations that he had permission to use the vehicle . . . to his detriment which resulted in the wrongful denial of defense and indemnity of the wrongful death lawsuit." (Id. at 11). Plaintiff further alleges that Hobson misrepresented Plaintiff's status as a permissive driver of the subject vehicle in his interrogatory responses for the benefit of himself and Allstate, and that "Defendant Hobson is guilty of negligent misrepresentation, suppression, deceit, and all species of fraud with regards to the position Defendant Hobson took on June 14, 2016, when offering his interrogatory responses." (Id. at 12).

Allstate removed the action to this Court on June 27, 2018. (Doc. 1). In its notice of removal, Allstate asserts the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at 5). According to Allstate, Plaintiff and Hobson are both residents of Alabama, while Allstate is an Illinois corporation with its principal place of business in Illinois.[1] (Id. at 3, 5). Allstate asserts that Plaintiff's "'misrepresentation' claim against Hobson is based solely on an allegedly false statement made by Hobson in response to discovery in the underlying *Garner* [sic] litigation" and that pertinent statements made in a judicial proceeding are absolutely privileged and cannot give rise to civil liability. (Id. at 7). Thus, Allstate contends that Plaintiff's misrepresentation claim against Hobson is "barred by the absolute litigation privilege" and that Hobson is therefore fraudulently joined as a Defendant in this action, so that the Court should disregard the shared Alabama citizenship of Plaintiff and Hobson in the complete diversity analysis. (Id. at 9).

Plaintiff filed the instant Motion to Remand this case to state court on July 20, 2018. (Doc. 8). In his motion, Plaintiff contends it is "possible" for him to recover against Hobson in

---

[1] The Court will not consider the citizenship of the fictitious defendants in the removal analysis, as 28 U.S.C. § 1441(b)(1) provides that in determining whether a civil action is removable on the basis of diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded."

this action and claims he "can show, through further discovery, that he has a viable claim against Mr. Hobson for misrepresentation[.]" (Id. at 8-9). Plaintiff posits that the litigation privilege is inapplicable to the misrepresentation claim against Hobson because the litigation privilege does not apply to claims not based on defamation. (Id. at 9-11). Plaintiff also argues that the Court should not consider the litigation privilege defense in the removal analysis and that "Defendant will have the opportunity to assert the defense later in the litigation process (following discovery) to determine whether it has any application." (Id. at 16). Plaintiff further contends that his misrepresentation allegations are not solely based on Hobson's interrogatory response in the Dylan Cole Gardner litigation, and that Hobson's misrepresentations to Allstate regarding Plaintiff's permissive user status likely occurred during Allstate's pre-suit investigation of the fatal accident. (Id. at 12; Doc. 12 at 6-7). Plaintiff avers that Hobson was a licensed Alabama attorney when he signed the interrogatory response in question and that Hobson, as an officer of the court, should not be allowed to profit from providing false information in the course of litigation. (Doc. 8 at 12). Finally, Plaintiff argues that the parties cannot be said to be fraudulently joined if the joinder satisfies the permissive joinder requirements under Rule 20(a) of the Federal Rules of Civil Procedure. (Id. at 15).

In its response in opposition to Plaintiff's motion, Allstate asserts that statements made and actions taken in the course of judicial proceedings are absolutely privileged, and that the privilege is not limited to claims based on defamation. (Doc. 10 at 2). Allstate further contends that there is no reasonable possibility that Plaintiff can prove his misrepresentation claim against Hobson, as pled in the complaint, and that the propriety of joinder is determined based on the pleadings at the time of removal. (Id. at 12-13). Thus, Allstate maintains that the Court must determine whether Plaintiff's existing complaint states a viable claim against Hobson.[2] (Id. at 13).

The sum of these pleadings is now before the Court for review.

## II. **Standard of Review**

"A removing defendant bears the burden of proving proper federal jurisdiction." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002)). "Any doubts about the

---

[2] Allstate also argues that Hobson's status as an attorney is irrelevant to the Court's determination, both because the litigation privilege applies to all participants in judicial proceedings, including attorneys, and because Plaintiff's complaint includes no allegations concerning Hobson's status as an attorney. (Doc. 10 at 13-14). As to Plaintiff's argument concerning the permissive joinder requirements of Fed. R. Civ. P. 20(a), Allstate argues that Plaintiff cannot utilize the rule to overcome the fraudulent joinder doctrine and that the Court's determination depends entirely on whether the complaint states a viable claim against Hobson. (Id. at 15-16).

propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that is without subject matter jurisdiction, the court is powerless to continue." Univ. of S. Ala., 168 F.3d at 410.

Where the alleged basis for federal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000.[3] See 28 U.S.C. § 1332(a); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Tapscott v. MS Dealer

---

[3] With respect to the amount in controversy, Plaintiff's complaint alleges damages that include, but are not limited to, Plaintiff "suffering a two million dollar ($2,000,000.00) judgment." Accordingly, it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). Plaintiff does not contest that the amount in controversy exceeds $75,000. Instead, Plaintiff contends that Hobson was properly joined as a defendant and, therefore, complete diversity is not present.

Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). For complete diversity of citizenship to be present, "every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

Notwithstanding the requirement of complete diversity in cases removed under 28 U.S.C. § 1332, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). In such an instance, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder,' and a federal court may appropriately assert its removal diversity jurisdiction over the case." Id. (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (internal citation omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs, 154 F.3d at 1287.

Under Eleventh Circuit precedent, a defendant seeking to demonstrate fraudulent joinder has the burden to prove the existence of at least one of the following three situations. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."

Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993)). "The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." Triggs, 154 F.3d at 1287 (citing Coker, 709 F.2d at 1440). The third situation, which was identified by the Eleventh Circuit in Tapscott, is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs, 154 F.3d at 1287 (citing Tapscott, 77 F.3d at 1355). "The defendant must make such a showing by clear and convincing evidence." Henderson, 454 F.3d at 1281. The removing party's burden is a "heavy one." Crowe, 113 F.3d at 1538 (quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)).

The Court must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve any uncertainties about applicable state substantive law in favor of the plaintiff. Crowe, 113 F.3d at 1538. The Court's inquiry must be "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). Although "the

proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," the Eleventh Circuit has stressed that "the jurisdictional inquiry 'must not subsume substantive determination' . . . [and that] federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." See Crowe, 113 F.3d at 1538 (quoting B, Inc., 663 F.2d at 550). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

## III. **Discussion**

Allstate does not assert, and the record does not establish, any basis for fraudulent joinder under the second or third situations set forth above. Instead, Allstate bases its claim of fraudulent joinder on its contention that there is no possibility Plaintiff can prove a cause of action against Defendant Hobson, a non-diverse citizen of Alabama. Given that the parties have not submitted any affidavits or deposition transcripts to supplement the pleadings, the Court's inquiry is limited to determining whether Plaintiff's pleadings at the time of removal provide a possibility that he can establish a misrepresentation claim against Hobson.

## A.    Absolute Litigation Privilege

Under Alabama law, "[p]ertinent statements made in the course of judicial proceedings are absolutely privileged."  Drees v. Turner, 45 So. 3d 350, 358 (Ala. Civ. App. 2010) (citing O'Barr v. Feist, 296 So. 2d 152, 156–57 (Ala. 1974)); see also Snyder v. Faget, 326 So. 2d 113, 116 (Ala. 1976) ("[A]s a general rule, one may not recover damages growing out of perjured testimony offered at a judicial proceeding.").  "Absolutely privileged statements, no matter how false or malicious, cannot be made the basis of civil liability."  Drees, 45 So. 3d at 358 (citing O'Barr, 296 So. 2d at 156; Walker v. Majors, 496 So. 2d 726 (Ala. 1986)).  The absolute litigation privilege applies to all statements made in the course of judicial proceedings, excepting only "slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not have reasonably have supposed to be relevant."  Barnett. v. Mobile Cnty. Pers. Bd., 536 So. 2d 46, 51 (Ala. 1988) (quoting O'Barr, 296 So. 2d at 157); see also Webster v. Byrd, 494 So. 2d 31, 35 (Ala. 1986) (recognizing that even if a judicial proceeding is pending, communications are not absolutely privileged if they are "published outside of the circle of those who must have the knowledge of them pursuant to the decision-making process").  "It is . . . well-established that whether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of

law to be decided by the court." Butler v. Town of Argo, 871 So.

2d 1, 24 (Ala. 2003) (quoting Walker, 496 So. 2d at 730).

Plaintiff argues at length that Alabama's absolute litigation privilege applies only to claims based on defamation. While Plaintiff makes a valiant effort to distinguish his misrepresentation claim from other claims to which Alabama courts have applied the privilege, Plaintiff's arguments are ultimately unpersuasive. After reviewing the relevant case law, and in particular the Drees case, the undersigned finds it apparent that the litigation privilege has application to Plaintiff's misrepresentation claim against Hobson.

In Drees, the plaintiff's current wife was involved in an ongoing custody-modification dispute with her ex-husband. Drees, 45 So. 3d at 354. During the custody proceeding, the current wife's ex-husband testified under oath that the plaintiff had been convicted of committing domestic violence against his former wife and child. Id. In addition, the ex-husband's attorney filed a motion on his behalf asserting the plaintiff had been convicted of domestic violence and stated four separate times at trial that the plaintiff had been convicted of domestic violence. Id. The judge in the child custody proceeding entered a judgment containing two findings that the plaintiff had been convicted of domestic violence on his former wife and child. Id. Subsequently, public documents concerning the statements made by the ex-husband and his attorney

were disseminated in the community.  Id.  The plaintiff sued his current wife's ex-husband and his attorney, alleging that the defendants intentionally and maliciously misrepresented that he had been convicted of domestic violence when in fact he had not. Id. at 357.  The plaintiff alleged wrongful intrusion into his private affairs and that he was placed in a false light in his community and profession, abuse of process, intentional infliction of emotion distress, and outrage.  Id. at 355.  In granting the defendants' motion to dismiss, the trial court reasoned that most of the plaintiff's claims "arose from 'absolutely privileged' statements made in conjunction with judicial proceedings."  Id. at 357.  Although the plaintiff had also asserted claims based on conduct or statements outside the custody proceeding, the trial court found that the plaintiff had failed to state facts as to the defendants' out-of-court conduct that were sufficient to allege actionable claims for invasion of privacy, abuse of process, or the tort of outrage/intentional infliction of emotional distress. See id.

On appeal, the Alabama Court of Civil Appeals affirmed the dismissal of the plaintiff's claims arising from alleged misrepresentations made in the course of the custody proceeding. Id. at 358.  The court found that the defendants' statements that plaintiff had been convicted of domestic violence concerned a matter pertinent to a child-custody proceeding and emphasized that

"[p]ertinent statements made in the course of judicial proceedings are absolutely privileged." Id. The court stressed that "[a]bsolutely privileged statements, no matter how false and malicious, cannot be made the basis of civil liability" and confirmed that the "rule applies equally to claims other than those based on defamation." Id. (citations omitted).

It bears emphasis, however, that the scope of the absolute litigation privilege is limited to pertinent statements made and actions taken in the course of judicial proceedings. Plaintiff denies Allstate's contention that his misrepresentation claim against Hobson is based solely on Hobson's interrogatory response. (Doc. 8 at 12-15; Doc. 12 at 6-7). Plaintiff frames Hobson's alleged misrepresentation not as a "litigation position" in a prior case, but rather as a misrepresentation by Hobson to his own insurance company, "which likely occurred during the investigation of the matter before litigation ever ensued." (Doc. 12 at 6). According to Plaintiff, Hobson's interrogatory response is "indicative of the lie Hobson communicated to Allstate during Allstate's investigation," and "undoubtedly, the interrogatory response was not the only time Hobson told the lie at issue." (Id.). Allstate, on the other hand, contends it is clear from the complaint that Plaintiff's misrepresentation claim is based entirely on Hobson's allegedly false discovery response. (Doc. 1 at 7, 9; Doc. 10 at 3-4, 10, 14). While Plaintiff's complaint is

not the model of clarity, the undersigned finds that at this stage of the proceedings, when all facts are viewed in the light most favorable to Plaintiff, it is arguable that Plaintiff's misrepresentation claim against Hobson is based not only on Hobson's discovery response, but also on Hobson's statements to Allstate in connection with its post-accident investigation of the collision.[4] Accordingly, the undersigned cannot conclude, at this juncture, that the litigation privilege bars Plaintiff's misrepresentation claim against Hobson.[5]

---

[4] Paragraph 30 of Plaintiff's complaint alleges: "Based upon information and belief, Plaintiff Harrison believes that Allstate interviewed Defendant Hobson regarding whether Plaintiff Harrison had permission to operate the 2008 Chevrolet Colorado pickup." (Doc. 1-1 at 9). Plaintiff provides no further details as to this interview. Nonetheless, the undersigned finds it fair to infer, after considering the pleadings as a whole in the light most favorable to Plaintiff, that Plaintiff alleges that Hobson misrepresented Plaintiff's permissive user status while being interviewed by Allstate either prior to the commencement of the wrongful death litigation or otherwise outside of the course of judicial proceedings.

[5] In his Motion to Remand, Plaintiff also argues that "the parties cannot be said to be fraudulently joined if the plaintiff's joinder satisfies the permissive joinder requirements under Fed. R. Civ. Pro. 20(a)." (Doc. 8 at 15). Rule 20(a)(2) permits persons to be joined in a single action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). While the Eleventh Circuit has recognized that fraudulent joinder can occur when there is no joint, several, or alternative liability and the claim against the out-of-state defendant has no real connection to the claim against the resident defendant, see Triggs, 154 F.3d at 1287, Allstate has not argued fraudulent joinder on that basis. Accordingly,

**B.    Applicable Pleading Standards**

As noted *supra*, the Court, in assessing the propriety of removal based on allegations of fraudulent joinder, must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff.  See Crowe, 113 F.3d at 1538. Importantly, the fraudulent joinder standard is less stringent than the Twombly/Iqbal "plausibility" standard that governs motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kimball v. Better Bus. Bureau of W. Fla., 613 F. App'x 821, 823 (11th Cir. 2015) (noting that "the standard for assessing fraudulent joinder differs from the one used for Rule 12(b)(6) motions to dismiss").  While Rule 12(b)(6)'s standard "asks for more than a sheer possibility that a defendant has acted unlawfully[,] . . . all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) (citations and internal quotation marks omitted).  The Eleventh Circuit utilizes a test for fraudulent joinder that requires just a possibility of stating a valid cause of action and incorporates pleading standards applicable in state court.  See id. at 1334.

---

Plaintiff's reliance on Rule 20(a)(2) to defeat Allstate's allegation of fraudulent joinder is misplaced.

Under Alabama law, "[a] complaint is not subject to dismissal upon the ground that it fails to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bowling v. Pow, 301 So. 2d 55, 63 (Ala. 1974) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In Alabama, failure to set forth a claim in an initial complaint by means of a short and plain statement showing that the pleader is entitled to relief is not grounds for dismissal with prejudice, "since there are procedures available for correcting a vague or prolix complaint." Bowling, 301 So. 2d at 62.  Accordingly, "dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Knox v. Western World Ins. Co., 893 So. 2d 321, 322 (Ala. 2004) (quoting Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993)).[6]

_____

[6]    The Court notes that the rule of generalized notice pleading in Alabama is qualified by Rule 9(b) of the Alabama Rules of Civil Procedure where, as in this case, the plaintiff pleads fraud.  See Bethel v. Thorn, 757 So. 2d 1154, 1158 (Ala. 1999).  Under Rule 9(b), to state a claim for fraud, a complaint "must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." Miller v. Mobile Cnty. Bd. of Health, 409 So. 2d 420, 422 (Ala. 1981) (quoting the Committee Comments to Rule 9(b)); but see Sverdrup Tech., Inc. v. Robinson, 36 So. 3d 34, 44 (Ala. 2009) (finding that although the plaintiff's amended complaint did not allege the place where the alleged misrepresentations occurred, it included sufficient allegations to place the defendant on notice of the acts complained of and therefore satisfied Rule 9(b)).
     In the fraudulent joinder context, however, courts typically decline to evaluate the sufficiency of a party's pleading of a

## C. Plaintiff's "Misrepresentation" Claim

Plaintiff generally labels his cause of action against Hobson as one for "misrepresentation" and asserts that "Defendant Hobson is guilty of negligent misrepresentation, suppression, deceit, and all species of fraud[.]" (See Doc. 1-1 at 9, 12). In Alabama, causes of action for misrepresentation and fraud are sometimes

---

fraud or misrepresentation claim under Rule 9(b)'s particularity requirements. See, e.g., Mattox v. State Farm Fire & Cas. Co., 2012 U.S. Dist. LEXIS 126707, at *81, 2012 WL 3870392, at *20 (S.D. Ala. Aug. 15, 2012), report and recommendation adopted, 2012 U.S. Dist. LEXIS 126687, 2012 WL 3870495 (S.D. Ala. Sept. 6, 2012). Instead, courts have focused on the central issue of whether a plaintiff can possibly state a viable cause of action against the resident defendant. See id. Whether a complaint "satisfies Rule 9(b) is an ancillary procedural question divorced from the legal question animating the fraudulent joinder inquiry, to-wit: whether there is any possibility that plaintiff's claims against the non-diverse defendant are cognizable under state law." Grady Bros. Invs., LLC v. Gen. Motors Acceptance Corp., 2007 U.S. Dist. LEXIS 94589, at *27 n.15, 2007 WL 4577701, at *6 n.15 (S.D. Ala. Dec. 27, 2007). This is so because noncompliance with Rule 9(b) generally should not result in dismissal of an initial complaint without leave to amend, and because dismissal of a complaint for technical noncompliance with heightened pleading standards is inconsistent with the "possibility" standard applicable to fraudulent joinder inquiries. See id.; see also Davis v. Hillman Grp., Inc., 2017 U.S. Dist. LEXIS 122047, at *13, 2017 WL 3313999, at *5 (S.D. Ala. Aug. 2, 2017) ("In consideration of the fact that Plaintiffs have not yet had an opportunity to amend their complaint to comply with the Alabama Rule of Civil Procedure 9(b) pleading requirements, . . . this Court will not evaluate the sufficiency of Plaintiffs' pleading of their misrepresentation claim and defers to the sound judgment of the Circuit Court of Conecuh County."). Applying these principles to the instant case, the Court need not examine whether Plaintiff has alleged his misrepresentation count with sufficient particularity to satisfy Rule 9(b). Rather, the Court must simply determine whether Plaintiff can possibly state a viable cause of action against Hobson for misrepresentation.

referred to interchangeably.  See, e.g., Miller v. Sexton, 549 So. 2d 10, 12 (Ala. 1989).  The cause of action for fraud and misrepresentation is governed by Alabama Code 1975, § 6-5-100, et seq.  Army Aviation Ctr. Fed. Credit Union v. Poston, 460 So. 2d 139, 142, (Ala. 1984).  Pursuant to the Code, "[m]isrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."  Ala. Code § 6-5-101.  In addition, "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud."  Ala. Code § 6-5-102.  Although Plaintiff labels his cause of action against Hobson as one for misrepresentation, he substantively alleges fraud in the form of misrepresentation, deceit, and suppression.

The elements of fraud through misrepresentation, regardless of whether the representations were made willfully, recklessly, or mistakenly, are: "(1) a false representation (2) of a material existing fact (3) *reasonably relied upon by the plaintiff* (4) who suffered damage as a proximate consequence of the misrepresentation."  Exxon Mobil Corp. v. Ala. Dep't of Conservation & Natural Res., 986 So. 2d 1093, 1114 (Ala. 2007) (quoting Saia Food Distribs. & Club, Inc. v. SecurityLink from Ameritech, Inc., 902 So. 2d 46, 57 (Ala. 2004)) (emphasis in original); see also Griggs v. Finley, 565 So. 2d 154, 160 (Ala.

1990).  The elements of a fraudulent suppression claim are "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; [and] (4) action by the plaintiff to his or her injury."  <u>Lambert v. Mail Handlers Benefit Plan</u>, 682 So. 2d 61, 63 (Ala. 1996).

The Court again notes that pertinent statements made in the course of judicial proceedings cannot serve as the basis for Plaintiff's misrepresentation claim.  Hobson's negative response to an interrogatory in the Dylan Cole Gardner wrongful death lawsuit asking whether Plaintiff had permission to operate the vehicle at the time of the fatal accident was undoubtedly a pertinent statement made in the course of a judicial proceeding.  Thus, in evaluating whether Plaintiff can possibly state a viable cause of action against Hobson for misrepresentation, the Court will not consider Hobson's interrogatory response as a possible basis for said misrepresentation claim.  However, as previously noted, Plaintiff's misrepresentation claim is also arguably based on non-privileged statements allegedly made by Hobson to Allstate during its investigation of the accident prior to the commencement of the wrongful death litigation.

Interestingly, Allstate bases its argument for removal almost exclusively on the absolute litigation privilege.  Because the Court cannot conclude at this juncture that Plaintiff's claim

against Hobson is solely based on absolutely privileged statements, Allstate's core argument is unavailing. However, in a footnote tucked away in its response to Plaintiff's Motion to Remand, Allstate poses the ultimately decisive question of how Plaintiff could ever justifiably rely on Hobson's alleged misrepresentation that Plaintiff did not have permission to operate the truck when Plaintiff himself has knowledge as to that statement's truth or falsity. (See Doc. 10 at 12). Because the undersigned concludes that Plaintiff cannot possibly establish the element of reliance necessary to sustain his cause of action for misrepresentation, Plaintiff's claim against Hobson is due to be dismissed and his Motion to Remand denied.

"An essential element of any fraud claim is that the plaintiff must have reasonably relied on the alleged misrepresentation." Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So. 2d 1143, 1160 (Ala. 2003), *as modified on denial of reh'g*, (Sept. 5, 2003); see also Bosarge Offshore, LLC v. Compass Bank, 943 So. 2d 782, 786 (Ala. 2006) (stating that to recover for a misrepresentation claim, "the plaintiff must rely to his detriment upon those misrepresentations"). "Reliance requires that the misrepresentation actually induced the injured party to change its course of action." Hunt Petroleum Corp. v. State, 901 So. 2d 1, 4 (Ala. 2004).

Notwithstanding the well-established requirement that a party

alleging fraud must prove reliance, the Alabama Supreme Court has held that under limited circumstances, a plaintiff may properly state a fraud claim based on a representation made to a third party rather than to the plaintiff. <u>See</u> <u>Thomas v. Halstead</u>, 605 So. 2d 1181, 1184-85 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.") (quoting 37 C.J.S. *Fraud* § 60, p. 344 (1943)). However, in <u>Delta Health Grp., Inc. v. Stafford</u>, 887 So. 2d 887 (Ala. 2004), the Alabama Supreme Court specifically limited the holding in <u>Thomas</u> to the extent it could be read as relieving a plaintiff from establishing reliance upon the defendant's misrepresentation. The <u>Delta</u> court stated:

> [W]e do not read <u>Thomas</u> as excusing a plaintiff from the requirement of establishing his reliance upon that misrepresentation. <u>Thomas</u> appears to contemplate that the plaintiff, in fact, has relied on the defendant's misrepresentation, even though the misrepresentation was made to another party. Neither have we located any other authority that purports to excuse a plaintiff in a fraud action from establishing the element of reliance.

<u>Id.</u> at 899; <u>see also</u> <u>Seward v. Dickerson</u>, 844 So. 2d 1207, 1212 (Ala. 2002) (citing <u>Thomas</u> for the proposition that "where a 'third-party' fraudulent misrepresentation is alleged, statements to persons other than the plaintiff will support the fraud allegations only when there is sufficient evidence of an intent on

the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act"); Chase v. Kawasaki Motors Corp., U.S.A., 140 F. Supp. 2d 1280, 1293 (M.D. Ala. 2001) (stating that "the entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else . . . [and t]herefore, reliance on the part of the injured party must be proved"); Hall v. Infirmary Health Sys., 2007 U.S. Dist. LEXIS 18104, at *34-35, 2007 WL 772560, at *10 (S.D. Ala. Mar. 8, 2007) ("Clearly, then, Thomas in no way relieves plaintiff of her burden of showing that she relied on the alleged misrepresentations, irrespective of who the target or recipient of those misrepresentations was.  Hall has not pleaded reliance and could not reasonably do so, given her first-hand knowledge of the true facts on the subject of the alleged misrepresentations made by defendants.  Accordingly, plaintiff's fraud claim is fatally flawed, and fails to state a cause of action under Alabama law.").

In the case at bar, Plaintiff's complaint states that "[b]ased upon information and belief, Plaintiff Harrison believes that Allstate interviewed Defendant Hobson regarding whether Plaintiff Harrison had permission to operate the [truck]." (Doc. 1-1 at 9). The complaint "alleges that Defendant Hobson negligently, recklessly, wantonly, and/or intentionally misrepresented the fact

24

that Plaintiff Harrison was a permissive user of the subject vehicle at the time of the fatality accident" and "that Defendant Hobson is guilty of negligent, reckless, wanton, and/or intentional misrepresentation by contending Plaintiff Harrison was a non-permissive user of the subject vehicle when in fact Plaintiff Harrison was a permissive user as demonstrated by Defendant Allstate's own pleading filed in the companion case." (Id. at 11). The complaint further alleges that Plaintiff "relied on Defendant Hobson and Alex Hobson's representations that he had permission to use the vehicle . . . to his detriment which resulted in the wrongful denial of defense and indemnity of the wrongful death lawsuit." (Id.).

As noted *supra*, Plaintiff's complaint is not the model of clarity. At one place in the complaint, Plaintiff references pre-accident representations that Defendant Hobson and his grandson, Alex Hobson, made to Plaintiff; however, Plaintiff's complaint also references post-accident misrepresentations that Defendant Hobson allegedly made to other parties, including his insurance company, Allstate. In his reply brief, Plaintiff clarifies that "the issue at hand was not simply a 'litigation position' in the prior case but was a misrepresentation by Defendant Hobson to his own insurance company to the detriment of the Plaintiff herein, which likely occurred during the investigation of the matter before litigation ever ensued." (Doc. 12 at 6). As best the Court can

determine, Plaintiff's misrepresentation claim is not based on any *pre-accident* representations that Defendant Hobson or Alex Hobson made to Plaintiff regarding use of the vehicle. Rather, Plaintiff bases his misrepresentation claim on Defendant Hobson's alleged *post-accident* misrepresentations that Plaintiff did not have permission to operate the vehicle at the time of the accident. According to Plaintiff, it was these post-accident misrepresentations that led Allstate to deny his request for a defense and indemnity in the underlying wrongful death lawsuit. Thus, Plaintiff's allegations that he relied on pre-accident representations made by Hobson or Alex Hobson are not relevant to the question of whether Plaintiff relied on Hobson's post-accident statement or statements that Plaintiff was not a permissive user of the vehicle. To state a claim for misrepresentation or fraudulent suppression under Alabama law, Plaintiff must allege that he detrimentally relied upon or was induced to act by Hobson's *post-accident* representations that Plaintiff was not a permissive user of the vehicle. This he cannot reasonably do, in view of his admitted firsthand knowledge that he had permission to drive the truck at the time of the accident.

Plaintiff has not alleged or pointed to any facts that suggest he detrimentally relied upon Hobson's post-accident representations, nor can he ever be expected to do so. Because Plaintiff does not and cannot rationally plead or prove that he

reasonably relied upon Hobson's alleged post-accident misrepresentations, his misrepresentation claim against Hobson is futile. Based on the foregoing, the Court finds that Plaintiff's Motion to Remand is due to be denied and that Hobson is due to be dismissed as a defendant in this action.

## IV. Conclusion

Based upon a careful review of the Plaintiff's motion and pleadings and the parties' relevant briefs, the undersigned concludes that Allstate has established by clear and convincing evidence that Thomas Michael Hobson was fraudulently joined. Consequently, it is appropriate for the Court to disregard the Alabama citizenship of Hobson and proper for the Court to exercise diversity jurisdiction over this removed action. Further, for the reasons set forth in this report, Plaintiff has no possible claim for misrepresentation against Hobson under Alabama law. Accordingly, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be **DENIED** and that Thomas Michael Hobson be **DISMISSED WITHOUT PREJUDICE** from this action and terminated as a party defendant.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72(c).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **December, 2018.**

> _____/s/ SONJA F. BIVINS_____
> **UNITED STATES MAGISTRATE JUDGE**