IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN ANTHONY HARRISON, | ) |
| Plaintiff, | ) |
| v. | ) CIV. ACT. NO. 2:18-cv-290-TFM-B |
| THOMAS MICHAEL HOBSON, ALLSTATE INS. CO., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On December 28, 2018, the Magistrate Judge entered a Report and Recommendation (Doc. 15, filed 12/28/18) which recommends that (1) the motion to remand this case to state court filed by the plaintiff, Devin Anthony Harrison ("Plaintiff" or "Harrison") be denied and (2) Defendant Thomas Michael Hobson ("Hobson") be dismissed without prejudice from this action and terminated as a party defendant. Plaintiff timely filed objections (Doc. 16) to which Defendant Allstate Insurance Company ("Allstate") filed its response (Doc. 18). For the reasons articulated below, the Court adopts in part and rejects in part the Magistrate Judge's R&R, sustains the objections filed by Plaintiff as discussed below, and grants the Motion to Remand (Doc. 8).

### I. STANDARDS OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendant, as the party removing this action, has the burden of establishing

federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

Under 28 U.S.C. § 636(b)(1)(B), this court reviews *de novo* the portions of a magistrate judge's report and recommendation ("R&R") to which objections are made.

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

In his objections, Plaintiff contends that the Magistrate Judge correctly rejected Allstate's argument that Hobson's statements were absolutely privileged, but then improperly relied on an argument raised only in a footnote of Allstate's response to the motion to remand (Doc. 10, filed 8/3/18) to find that Hobson was nevertheless fraudulently joined. Plaintiff also asserts that the Magistrate Judge improperly relied on an argument from Plaintiff's own reply brief to determine that Plaintiff's misrepresentation claim was not based on any pre-accident statements Hobson or his grandson, Alex Hobson, made to Plaintiff. He contends that this is improper because the argument was made after removal, and the Court's determination of fraudulent joinder must be based on the pleadings and allegations at the time of removal.

Plaintiff also argues that, based on the statements in his reply brief, the Magistrate Judge misconstrued the complaint's allegations as limited to misrepresentations made after the accident, when the complaint also alleges that Defendant Hobson made pre-accident misrepresentations. Specifically, he asserts, the complaint alleges that Defendant Hobson misrepresented the fact that Plaintiff was a permissive driver before the underlying accident, and Plaintiff relied on that misrepresentation to his detriment when he drove the car the night of the accident. Finally, in a

footnote, Plaintiff states that his complaint raises a claim of suppression of a material fact, which does not require reliance as an element under Alabama law.

In its response, Allstate urges the Court to adopt the R&R, arguing, first, that Plaintiff cites no authority to support his assertion that the Magistrate Judge exceeded the scope of inquiry in determining that Defendant Hobson was fraudulently joined. Allstate argues that Plaintiff's objections merely attempt to "muddy the waters" by confusing the issues and purported claims. Doc. 18 at 2. Lastly, Allstate argues that Plaintiff's contention that his complaint alleges reliance on Defendant Hobson's pre-accident representations is futile because the Magistrate Judge explicitly rejected that argument in determining that Plaintiff could not establish the element of reliance.

### III.   DISCUSSION

As an initial matter, the Court adopts the thorough factual and procedural background as detailed in the R&R. *See* Doc. 15 at 1-7. Moreover, the Court adopts the R&R's analysis and findings, *except* to the extent noted below. Notably, the Court adopts the Magistrate Judge's initial findings regarding the proper scope of the inquiry—namely, that a determination of fraudulent joinder in this case depends on whether there is a possibility, based on Plaintiff's pleadings at the time this case was removed from state court, that Plaintiff can establish a misrepresentation claim against Hobson. *See id*. at 11. The Court also adopts the analysis in the R&R as it pertains to the applicability of the absolute litigation privilege to Hobson's allegedly false statements after the accident. *See id*. at 13-16. Specifically, the Court agrees with the Magistrate Judge's determination that Allstate's core argument, that the absolute litigation privilege bars suit against Defendant Hobson, is unavailing. The Court also agrees with the Magistrate Judge's underlying determination that Plaintiff's misrepresentation claim against Hobson arguably is based not only

on Hobson's allegedly false statements during discovery, but also on statements made to Allstate prior to litigation as part of its post-accident investigation. *See id*. at 15-16, 21-22.

However, subsequent to these findings, the Magistrate Judge determines that Plaintiff nevertheless cannot establish a cause of action for misrepresentation because he cannot demonstrate reliance, a necessary element of fraudulent misrepresentation. *See id*. at 22. This is where the Court respectfully parts ways with the recommendation because such a finding requires two leaps the Court cannot take because doing so would extend the matter outside the realm of a jurisdictional-only determination.

### IV. ANALYSIS

Since this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The amount in controversy is not at issue, thus the Court looks to the diversity of citizenship and whether fraudulent joinder has occurred.

Plaintiff is "the master of the complaint and [is] free to avoid federal jurisdiction by structuring [the] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted). Defendant alleges that Hobson has been fraudulently joined under the "no cause of action" theory of fraudulent joinder. This theory requires the defendants to prove that there is "[no] possibility that a state court would find that the

complaint states a cause of action against . . . the [non-diverse] defendant[]." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks omitted); *see also Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 539 (11th Cir. 2015) (quoting *Crowe*). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a <u>possibility</u> of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original). The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citation and internal quotation marks omitted). Stated differently, a court may deny the motion to remand only if there is no possibility that the plaintiff could maintain a cause of action. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281-82 (11th Cir. 2006). The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…" *Id*. at 1284; *see also Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 869 (11th Cir. 2006) ("The burden of establishing fraudulent joinder is a heavy one.").

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)) (emphasis omitted). "The proceeding appropriate for resolving a claim of fraudulent joinder is *similar* to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id*. at 1322-23 (emphasis added). Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *Id*. at 1323; *Cabalceta v. Standard Fruit*

*Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

However, "[w]hile the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment . . . the jurisdictional inquiry must not subsume substantive determination." *Crowe*, 113 F.3d at 1538 (internal quotations and citations omitted). "In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez*, 139 F.3d at 1380-1381 (quoting *Crowe*, 113 F.3d at 1538).

Applying this analysis is the basis of the Court sustaining Plaintiff's objections and determining remand is appropriate. The Magistrate Judge determined that Plaintiff cannot establish a cause of action for misrepresentation because he cannot demonstrate reliance, a necessary element of fraudulent misrepresentation. *See* Doc. 15 at 22. In the context of a fraudulent joinder inquiry, the Court cannot weigh the merits of the claim or gauge the sufficiency of the pleadings beyond whether there is an arguable claim. The Magistrate Judge correctly noted that the standard is less stringent than the pleadings requirements noted in *Twombly/Iqbal*[1] and "all that is required to beat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Id*. at 17 (citations omitted). However, the Magistrate Judge exceeds that mandate.

First, the Magistrate Judge's determination is based on an argument raised essentially *sua sponte*. The argument is construed from a comment in a footnote of Allstate's responsive brief that reads: "We are sure it is not lost on the Court the absolute absurdity of this 'misrepresentation' claim. How could Plaintiff ever 'justifiably rely' upon the claimed Hobson statement that Harrison did not have permission to operate the vehicle as Harrison himself would know if that was true or

---

[1] To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))

false?" *See* Doc. 10 at 12 n.6.

This point is not developed elsewhere in the brief and, unfortunately for the defendants, the "absolute absurdity" of Plaintiff's claim is, in fact, lost on the Court. It was their responsibility to demonstrate that Defendant Hobson was fraudulently joined and that, as a result, this Court has jurisdiction over this case. *See Adventure Outdoors, Inc., v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction"). The Court may deny a motion to remand "only if the defendants have proven by clear and convincing evidence … that there is 'no possibility'" Plaintiff can establish a cause of action against Defendant Hobson. *Henderson*, 454 F.3d at 1283 (emphasis omitted). Allstate has not done so and based its argument against remand entirely on the applicability of the absolute litigation privilege, which the Court has found unavailing. Thus, Allstate has not met its heavy burden. *See Crowe*, 113 F.3d at 1538 ("The burden of the removing party is a 'heavy one.'") (citation omitted).

Second, the Magistrate Judge determines that the issue of reliance is dispositive because Plaintiff cannot possibly demonstrate that he relied on any post-accident misrepresentation by Defendant Hobson that Plaintiff was not a permissive driver. *See* Doc. 15 at 25-26. However, in order to reach this conclusion, the Court would have to find, as the R&R recommends, that the complaint alleges misrepresentation <u>only</u> in the form of Defendant Hobson's post-accident statements that Plaintiff did not have permission to use the vehicle, and not in the form of any pre-accident statements by Defendant Hobson or Alex Hobson to Plaintiff that he had such permission.[2] Based on the language of the complaint, the Court declines to make such a restrictive

---

[2] Allstate urges an even narrower reading of the complaint, asserting in its response opposing remand that Plaintiff's complaint alleges misrepresentation only in allegedly false statements made by Defendant Hobson in interrogatory responses provided during the discovery phase of an earlier, related case. *See* Doc. 10 at 10.

determination.

As the Magistrate Judge notes, Plaintiff's complaint is "not the model of clarity." *See* Doc. 15 at 25. It does indeed allege that Defendant Hobson committed "intentional misrepresentation" after the accident "by contending Plaintiff Harrison was a non-permissive user of the subject vehicle when in fact Plaintiff Harrison was a permissive user as demonstrated by Defendant Allstate's own pleading filed in a companion case" in state court.[3] *See* Doc. 1-1 at 11. However, Plaintiff's complaint also alleges that Defendant Hobson "misrepresented the fact that Plaintiff Harrison was a permissive user of the subject vehicle at the time of the fatality accident" and that Plaintiff "relied on Defendant Hobson and Alex Hobson's representations that he had permission to use the vehicle … to his detriment." *See id*. The Magistrate Judge, noting statements made in Plaintiff's subsequent reply brief, nevertheless interprets the allegations in Plaintiff's complaint as relating only to post-accident statements that Plaintiff was not a permissive user of the vehicle, and not to any pre-accident representations to Plaintiff that he had permission to use the vehicle. Plaintiff objects, both to the R&R's interpretation of the allegations and to the Magistrate Judge's reliance on Plaintiff's reply brief for clarification.

The Magistrate Judge's interpretation of the complaint is certainly possible. However, it is also just as possible to read the complaint differently—and, more to the point, to read it in a way that is more favorable to Plaintiff. "If there is even a possibility that a state court would find that

---

[3] Plaintiff attaches to his reply brief a motion for summary judgment and supporting brief purportedly filed by Allstate in Perry County Circuit Court in which Allstate asserts as an "undisputed fact" that Plaintiff (a co-defendant in the Perry County case) was a "permissive user of the vehicle." Doc. 1-1 at 17. In that case, Alex Hobson seeks compensation for injuries suffered in the accident under an uninsured motorist portion of the policy. *Id*. at 18. In an apparent about-face, Allstate asserts there that Alex Hobson's claims are due to be dismissed because Plaintiff *was* a permissive user of the vehicle at the time of the accident, and thus, the vehicle was not uninsured. *Id*. at 20.

the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (citations and quotation omitted).

It is possible to read the complaint as raising both an allegation of misrepresentation based on statements made to third parties after the accident and, in the alternative, misrepresentation based on statements made to Plaintiff prior to the accident—asserting, in essence, that Defendant Hobson either was lying then, or he is lying now. The Court agrees that it must address the pleadings as they stood at the time of removal.[4] *See Pacheco de Perez*, 139 F.3d at 1380. However, it is unnecessary for the Court to determine what, precisely, the complaint is alleging; it is enough that it is possible to find that the complaint alleges misrepresentation in Defendant Hobson's pre-accident statements. *See Henderson*, 454 F.3d at 1284 ("Our task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient…"). It is up to the state court to make an ultimate determination. Here, when the Court construes the facts and any ambiguities in the law in favor of the Plaintiff, a valid claim may exist as it is possible to read in the complaint an allegation that Defendant Hobson misrepresented to Plaintiff that he had permission to use the vehicle at the time of the accident – a colorable claim not barred by any logical impossibility of demonstrating reliance, or by the absolute litigation privilege.[5]

---

[4] In its opposition to Plaintiff's motion to remand, Allstate, too, urges that the Court determine whether Defendant Hobson has been fraudulently joined "based upon the allegations pled in the Complaint at the time of removal." *See* Doc. 10 at 12.

[5] To the extent Plaintiff also objected that the R&R examined his claims only under the Alabama requirements for fraud by misrepresentation—an argument Plaintiff raised in a footnote—it is unnecessary for the Court to consider whether the complaint also states a possible state-law claim for suppression of a material fact for the reasons stated above.

Therefore, Allstate failed to carry its heavy burden of showing fraudulent joinder of Defendant Hobson. Consequently, the case lacks federal diversity jurisdiction and should be remanded.

## V. CONCLUSION

The allegations in Plaintiff's complaint are quite serious and, if true, disturbing. However, that is not the issue before this Court. The sole issue is whether this Court has jurisdiction, which it does not. Accordingly, it is **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. 15) is **ADOPTED in part** and **REJECTED in part** as discussed above;

(2) The Plaintiff's Objections (Doc. 16) are **SUSTAINED** to the extent noted above;

(3) The Motion to Remand (Doc. 8) is **GRANTED**.

(4) This action is **REMANDED** to the Circuit Court of Perry County, Alabama;

(5) The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 7th day of March, 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE